UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THERESE NELSON,                )
                               )
           Plaintiff,          )
                               )
     v.                        )     No. 1:16-cv-03381-TAB-TWP
                               )
NANCY A. BERRYHILL,            )
                               )
           Defendant.          )

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

## I. Introduction

Plaintiff Theresa B. Nelson appeals the Commissioner's denial of her application for supplemental security income. Nelson, due to her age of fifty-five, is in the "advanced age" category for purposes of Social Security benefits. She completed high school and some college and has worked as a waitress, lab technician, and bill collector. Over the years, Nelson has experienced severe deterioration in her knee joints, which has led to "episodes of going stiff and then shaking all over." [Filing No. 16-8, at ECF p. 53, R. at 438–39.] Based upon these joint-mobility issues, Nelson sought Social Security Disability benefits. Nelson argues that the Administrative Law Judge erred at step four by giving great weight to testimony from Dr. Besen. Nelson asserts that Dr. Beson's testimony is not substantial evidence because it conflicted with other medical sources and did not allow the ALJ to establish the necessary logical bridge between the evidence and his decision. However, the Court finds the ALJ did not err by relying on Dr. Besen's expert opinion, and the ALJ developed a logical bridge between the evidence and his conclusions. Therefore, the Commissioner's decision is affirmed.

**II.	Background**

Nelson filed an application for supplemental security income, alleging disability beginning on September 28, 2013. The agency denied the claim initially and upon review. As a result of Nelson's request, a hearing was held and Nelson testified regarding her mobility issues, after which the ALJ found Nelson was not disabled.

At step one, the ALJ determined that Nelson had not engaged in substantial gainful employment since the alleged disability onset. At step two, the ALJ found that Nelson's severe impairments were seizure disorder, major dysfunction of bilateral knees, and degenerative disc disease of the lumbar spine. At step three of the evaluation, the ALJ concluded that Nelson's impairments did not meet or medically equal any of the listed impairments. At step four, the ALJ concluded Nelson had the residual functional capacity to perform light work but cannot climb ladders, ropes or scaffolds, must avoid concentrated exposure to unprotected heights, and must avoid the operation of commercial vehicles. Relying on the testimony of a vocational expert, the ALJ then found that Nelson was capable of performing substantial gainful activity such as past relevant work as a bill collector and lab technician. Thus, the ALJ determined Nelson was not disabled.

**III.	Discussion**

The Court's role is limited, and it is not permitted to reweigh the facts or evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court must affirm the ALJ's decision when it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). The decision must reflect that the ALJ built a "logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th

2

Cir. 2015). The ALJ's decision will lack sufficient evidentiary support and require remand if it is clear that the ALJ "cherry-picked" the record to support a finding of non-disability. *Wilson v. Colvin*, 48 F. Supp. 3d 1140, 1147 (N.D. Ill. 2014).

Nelson argues the ALJ's decision was not based upon substantial evidence because it relied on the opinion of evaluating medical expert Dr. Besen. Nelson claims that Dr. Besen's opinion was not based upon the entire medical record and was inconsistent with the other expert medical testimony. Nelson asserts that Dr. Besen's opinion could not be based upon substantial evidence because Dr. Besen was ignorant of critical x-ray evidence. Furthermore, Nelson contends Dr. Besen's opinion was inconsistent with both examining and non-examining medical sources, including the testimony of examining physician Dr. Thomas. Therefore, Nelson argues the ALJ could not have developed a logical bridge between the evidence and his conclusion. Contrary to these arguments, the Court finds that the ALJ adequately supported his reliance on Dr. Besen.

Nelson argues that the ALJ's reliance on Dr. Besen's testimony constituted reversible error because the hearing transcript shows that, at the time of the hearing, Dr. Besen was unaware of crucial evidence in Nelson's file. Specifically, Nelson claims that Dr. Besen's testimony failed to adequately address the evidence related to the damage and deterioration in her knees, and her difficulty in standing and walking without a cane or walker. [Filing No. 21, at ECF p. 12.] Nelson argues that despite evidence in the record that medical scans showed severe joint damage, Dr. Besen's testimony suggested that he did not know whether x-rays had been performed and assumed that any results would have shown minimal findings. [*Id.*] Dr. Besen concluded that Nelson was "minimally limited" in her ability to perform normal functions. [Filing No. 16-2, at ECF p. 54, R. at p. 53.] However, Nelson states that clinical examination of

3

her knees showed several indications of functional problems, which would cause her difficulty with standing and walking.

The ALJ gave great weight to Dr. Besen's opinion for two reasons. First, Dr. Besen's conclusions were based upon a more comprehensive review of the medical record than any of the other expert witnesses, and he offered a thorough analysis of the medical evidence based upon his medical expertise. Second, Dr. Besen's conclusions were consistent with the other examining and evaluating medical experts. For example, the ALJ also gave significant weight to the opinion of examining expert Dr. Gilpatrick, who also concluded that Nelson was capable of performing normal movements. Further, the ALJ developed a logical and accurate bridge between the evidence and his conclusion based upon not only Dr. Besen's comprehensive review of the entire medical record [Filing No. 16-2, at ECF p. 55, R. at 54], but also the opinions of several other treating and examining medical experts including Drs. Gilpatrick, Sands, and Brill.

Nelson further asserts that the consulting physicians noted limitations and restrictions that were not included in Dr. Besen's opinion. However, as previously discussed, the ALJ noted that Dr. Besen had the opportunity to review the "entire medical record." [Filing No. 16-2, at ECF p. 55, R. at p. 54.] The medical consultants, to whom Nelson refers, were unable to review the full medical record and lacked sufficient impartiality, especially as compared with the "independent medical experts." [*Id.*] Because of this, the ALJ did not err by giving partial weight to the other consulting physicians' opinions.

Next, Nelson maintains that the evidence indicating that she required the use of a cane or walker was substantial, despite Dr. Besen's opinion to the contrary. However, the ALJ supported Dr. Besen's opinion by citing Dr. Gilpatrick, who indicated that Nelson "could

4

perform normal movement" and made no indication of the need for an assistive device. [Filing No. 16-2, at ECF p. 54, R. at p. 53.] The Court will not reweigh this evidence.

Finally, Nelson argues that the ALJ erred by ignoring the expert opinion of examining physician Dr. Thomas and giving great weight to Dr. Besen without a sufficient explanation for doing so. Nelson further asserts that the rejection of Dr. Thomas's opinion was more troubling because Dr. Thomas was the Social Security Administration's own consultative examiner, and the opinion should have been given great weight. However, the ALJ explained that Dr. Thomas's opinion was given only partial weight because it was "not consistent internally or with the record as a whole." [Filing No. 16-2, at ECF p. 54, R. at p. 53.]

As an example an internal inconsistency, the ALJ pointed to the fact that Dr. Thomas first concluded that Nelson could not perform normal movements without assistance, but then indicated that he "found no clinical evidence [Nelson] required an ambulatory assistive device." [*Id.*] In addition, the ALJ found that Dr. Thomas's opinion was inconsistent with the record, because, in contrast to the opinions of Drs. Besen and Gilpatrick, Dr. Thomas indicated that Nelson could not perform normal movement. Further, the ALJ gave only partial weight to Dr. Thomas's opinion because it was based upon "the claimant's subjective complaints rather than objective medical evidence." [Filing No. 16-2, at ECF p. 54, R. at p. 53.]

Nelson fails to demonstrate that the ALJ erred in weighing the evidence and expert testimony, that Dr. Besen's testimony was inconsistent with the record, or that Dr. Thomas's opinion deserved more than partial weight in light of its internal inconsistencies and inconsistencies with the record. The ALJ justified the weights he assigned to each medical source in accordance with the established standards. Although he gave great weight to Dr.

5

Besen's opinion, the ALJ used all of the evidence to reach his conclusion, which the ALJ thoroughly documented. Therefore, remand is not appropriate.

**IV.    Conclusion**

For these reasons, Nelson has not demonstrated that the ALJ committed reversible error. The Court denies Nelson's brief in support of appeal [Filing No. 21] and affirms the Commissioner's decision.

Date:   11/14/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Nicholas Thomas Lavella
KELLER & KELLER
nlavella@2keller.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Jameson A. Young
KELLER & KELLER
jyoung@2keller.com